UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILLIP JAYSON GONZALEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>BECKY SCOTT, *et al.*,<br><br>            Defendants. | Civil Action No.: 23-22469 (JXN)(JRA)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Phillip Jayson Gonzalez's ("Plaintiff") civil rights complaint ("Complaint"), brought pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders that the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The Court has screened the Complaint in this action for dismissal and has determined that the Complaint states a claim of Fourteenth Amendment failure to protect under 42 U.S.C. § 1983 against Defendant Officer Bueno. Plaintiff's failure to protect claim against Defendant Bueno arises from Plaintiff's allegation that Defendant Bueno opened all the cells on Unit D3E for recreation time and then abandoned his post for fifteen minutes, leaving the unit unattended. (ECF

No. 1 at 6-7.) The Complaint alleges that there is a "tribal and territorial environment," and a group of inmates used Defendant Bueno's abandonment of his post as an opportunity to start assaulting each other, which resulted in Plaintiff being assaulted. (*Id.*) Additionally, Plaintiff's supervisory liability claim against Defendant Director Becky Scott arising from the alleged failure to train officers to protect the inmates and a custom at Hudson County Correction Center ("HCCC") of "allowing inmates to get in it [and] this street terminology means the officers will allow inmate to assault each other" may proceed. (*See id.* at 6.)

However, the Complaint fails to state a Fourteenth Amendment failure to protect claim against Defendant Officer Rodriguez. The Complaint alleges that following the above-mentioned inmate-on-inmate assault incident, Plaintiff's unit was placed in a "72-hour lockdown for investigation." (*Id.* at 8.) Plaintiff submits that Defendant Rodriguez "locked [Plaintiff] out of his cell for medication," and he was assaulted again from behind by another inmate. (*Id.*) Plaintiff alleges that Defendant Rodriguez "failed to follow protocol by only having one inmate out at a time considering the fact the unit was under a 72-hour lockdown." (*Id.*)

As a pretrial detainee, Plaintiff's interests are grounded in either the Fifth Amendment or the Due Process Clause of the Fourteenth Amendment. *See Fuentes v. Wagner*, 206 F.3d 335, 367 (3d Cir. 2000). However, the Third Circuit has indicated that the deliberate indifference standard set forth in Eighth Amendment jurisprudence is the appropriate standard in the context of a Fourteenth Amendment failure-to-protect claim. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 587 (3d Cir. 2004). "[T]he Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'" *Bistrian v. Levi*, 696 F.3d 352, 366-67 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Beers–Capitol v. Whetzel*, 256 F.3d 120, 130–33

(3d Cir. 2001)). "[A]n unsentenced inmate "is entitled[,] at a minimum, to no less protection than a sentenced inmate is entitled to under the Eighth Amendment." *Bistrian,* 696 F.3d at 352 (citation omitted).

The elements of a failure to protect claim are: (1) the inmate was incarcerated under conditions posing a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to the inmate's health and safety; and (3) the official's deliberate indifference caused the inmate harm. *Id.* at 367. "'Deliberate indifference' in this context is a subjective standard: the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* (citing *Beers–Capitol*, 256 F.3d at 125). "It is not sufficient that the official should have known of the risk." *Bistrian*, 696 F.3d at 367.

The Complaint alleges that because Defendant Rodriguez failed to follow protocol, he was deliberately indifferent to the risk to Plaintiff's safety. However, Plaintiff offers no facts to suggest that Defendant Rodriguez was aware of any risk to Plaintiff's safety when releasing him from his cell for his medication or that he was deliberately indifferent to such a risk. Therefore, Plaintiff's failure to protect claim against Defendant Rodriguez is dismissed without prejudice.

Finally, the Complaint fails to state a Fourteenth Amendment conditions of confinement claim against Defendant Scott or Defendant Officer Guzman for failing to affix the shower floor with rubber mats or put a "caution wet floor sign." Although the Fourteenth Amendment provides greater protection than that of the Eighth Amendment in nonmedical conditions of confinement claims, the conditions relating to slip-and-fall injuries similarly do not appear to rise to a Fourteenth Amendment violation.[1] The Supreme Court has explicitly held that "the Due Process

---

[1] To establish a basis for a Fourteenth Amendment violation, a detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective

3

Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (finding no cause of action where inmate slipped and fell on a pillow negligently left on stairs by correctional deputy). The Third Circuit applied this principle where a pretrial detainee claimed that correctional officers knew of flooding near the water dispensers but failed to replace them until after he was injured, which "suggested at most negligence" and not a constitutional violation. *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

Here, the facts alleged do not rise to the level of Fourteenth Amendment constitutional violation. The Complaint alleges only that Defendant Scott received funds from a "contract with the United States Marshall Service" to provide each unit with rubber mats in the shower area and that Defendant Guzman failed to instruct prison staff to place a "caution wet floor sign" outside the shower. The Complaint fails to plead any facts that Defendant Scott or Defendant Guzman knew of the shower floor conditions. Although, in some cases, the combined totality of conditions may rise to a level of a plausible constitutional claim, it cannot be said here that the overall shower conditions are akin to punishment. Thus, Plaintiff has failed to raise a constitutional violation under the Fourteenth Amendment. Accordingly, Plaintiff's Fourteenth Amendment conditions of confinement claims against Defendants Scott and Guzman are dismissed without prejudice for failure to state a claim. Accordingly,

**IT IS** on this 2nd day of April 2024,

**ORDERED** Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint shall be filed; it is further

---

component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.*

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of East Jersey State Prison; it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; it is further

**ORDERED** that Plaintiff's Fourteenth Amendment failure to protect claim against Defendant Officer Bueno and supervisory liability claim against Defendant Director Becky Scott arising out of Plaintiff's failure to protect claim shall **PROCEED**; it is further

**ORDERED** that Plaintiff's Fourteenth Amendment failure to protect claim against Defendant Officer Rodriguez is **DISMISSED without prejudice** and Plaintiff's Fourteenth Amendment conditions of confinement claims against Defendant Director Becky Scott and Defendant Officer Guzman are **DISMISSED without prejudice**; it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); it is further

**ORDERED** that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

**JULIEN XAVIER NEALS**
**United States District Judge**